UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMARK DIXON,

                Plaintiff,

                -against-

U.S. ATTORNEY OFFICE,

                Defendant.

1:24-CV-1519 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted the complaint without the fees to bring this action or an IFP application. Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete, sign, and submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 1:24-CV-1519 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

    No summons shall issue at this time. If Plaintiff complies with this order, this action will be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, this action will be dismissed.

    To the extent that Plaintiff brings this civil action seeking error *coram nobis* relief challenging his criminal conviction in *United States v. Dixon*, 7:97-CR-0498-08 (S.D.N.Y.), he may file a written request to withdraw this civil action, and file a motion for error *coram nobis*

relief in the criminal action without paying fees or submitting an IFP application. *See Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019) ("A writ of error *coram nobis* is an extraordinary remedy typically granted only when a prisoner is out of custody and so cannot pursue habeas relief.") (internal quotation marks and citation omitted); *see also United States v. Denedo*, 556 U.S. 904, 912-13 (2009) ("Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired."); *United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) (An error *coram nobis* "motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding."); *cf.* Fed. R. Civ. P. 60(e) (writ of error *coram nobis* abolished as to federal civil actions); *Morgan*, 346 U.S. at 505 n.4 (noting the same).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 4, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge